IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREW LOYA,

      Plaintiff,

vs.                                                                    Civ. No. 13-01163 KG/SCY

EXPRESS SERVICES, INC.,
MASTER HALCO, INC.,
ANTHONY GALLEGOS, an individual,
and DOES I-XIV,

      Defendants.

_____

MASTER HALCO, INC.,

      Third-Party Plaintiff,

vs.

MIDWEST TUBE MILLS, INC. and
JOHN DOES 1-10,

      Third-Party Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for Leave to File First

Amended Complaint and to Include Midwest Tube Mills, Inc. as a Defendant (Motion to

Amend), filed on June 5, 2014.  (Doc. 45).  Third-Party Defendant Midwest Tube Mills, Inc.

(Midwest) filed a response on June 19, 2014, and Plaintiff filed a reply on June 27, 2014.  (Docs.

50 and 54).  Having reviewed the Motion to Amend, the accompanying briefs, and the exhibits,

the Court denies the Motion to Amend as untimely.

Plaintiff's October 30, 2013, Complaint for Negligence, Respondeat Superior and Punitive Damages (Complaint) arises from an incident resulting in serious injury to Plaintiff's right foot.  (Doc. 1).  Plaintiff, a commercial truck driver, delivered a load of fence posts from Midwest to Defendant and Third-Party Plaintiff Master Halco, Inc. (Master Halco).  *See id.* at 5, ¶ 9.  While Defendant Anthony Gallegos, an employee with Defendant Express Services, Inc., was unloading the posts with a forklift, posts allegedly "fell six feet off the forklift onto Plaintiff's right foot" causing Plaintiff to undergo several surgeries and toe amputations.  *Id.* at 6, ¶¶ 13, 16 and 20.

On February 25, 2014, Master Halco filed a third-party complaint against Midwest for its alleged role in the injury of Plaintiff's foot.  Master Halco alleges that when Plaintiff arrived at Midwest to pick up the posts to deliver to Master Halco, Midwest failed to (1) properly strap the posts so that the straps would not break, and (2) inspect the load to ensure that the proper straps were used.  (Doc. 18) at ¶ 12.

Then, on March 3, 2014, the Magistrate Judge entered a Scheduling Order allowing Plaintiff until March 28, 2014, to join any additional parties or to amend the Complaint.  (Doc. 22).  Plaintiff did not adhere to that deadline and instead, filed his Motion to Amend on June 5, 2014.

Plaintiff seeks to amend the Complaint under Fed. R. Civ. P. 15(a)(2)[1] to add Midwest as a defendant and to add negligent hiring, supervision, retention, and training claims against Master Halco and Defendant Express Services, Inc.  If allowed to amend the Complaint, Plaintiff would specifically allege that Midwest "negligently manufactured, bundled, and loaded the metal

---

[1] Rule 15(a)(2) provides that in a situation such as this a party can amend a complaint only with the Court's leave, but "[t]he [C]ourt should freely give leave when justice so requires."

tubing that was placed on Plaintiff's truck." (Doc. 45-1) at ¶ 24.  Plaintiff would also allege

*respondeat superior* and punitive damages claims against Midwest.  *Id.* at ¶ 39.

Midwest objects to the Motion to Amend as being untimely under Fed. R. Civ. P.

16(b)(4) because Plaintiff did not seek to modify the Scheduling Order to permit the late filing of

the Motion to Amend.  Rule 16(b)(4) states that "[a] schedule may be modified only for good

cause and with the judge's consent."  Midwest also objects to the Motion to Amend because

Plaintiff's claims against it would be futile.

The Tenth Circuit Court of Appeals has not addressed how Rules 16(b)(4) and 15(a)(2)

should be applied in a case like this where a plaintiff wants to amend a complaint after the

scheduling order deadline for amending pleadings has passed.  *ACC Consultants, Inc. v.*

*Logistics Health, Inc.*, 2011 WL 5212262 *4 (D.N.M.) (citing *U.S. ex rel. Ritchie v. Lockheed*

*Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009)); *see also Bylin v. Billings*, 568 F.3d 1224,

1232 n. 10 (10th Cir. 2009); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n. 4 (10th Cir.

2006).  However, the Courts in this district have held that a plaintiff must first succeed in

modifying the scheduling order deadline under Rule 16(b)(4) before the Court will apply Rule

15(a)(2) to determine whether to grant the motion to amend.  *ACC Consultants, Inc.*, 2011 WL

5212262 at *4 (citing *Rowen v. New Mexico*, 210 F.R.D. 250, 252 (D.N.M. 2002)); *see also*,

*Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch.*, 2007 WL 2296955 *3 (D.N.M.).

Under Rule 16(b)(4), the good cause requirement "does not focus on the bad faith of the

movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party

seeking leave to modify the scheduling order to permit the proposed amendment."  *Trujillo*, 2007

WL 2296955 *3 (D.N.M.) (quoting *Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.*, 986

F.Supp. 959, 980 (D.S.C.), *aff'd on other grounds*, 129 F.3d 116 (4th Cir. 1997)); *accord ACC*

*Consultants, Inc.*, 2011 WL 5212262 at *4.  Diligence means that the moving party could not

meet the scheduling deadline despite that "party's diligent efforts." *Skyline Potato Co., Inc. v.*

*Tan-O-On Mktg., Inc*., 879 F. Supp.2d 1228, 1244 (D.N.M. 2012) (quoting *Advanced Optics*

*Elecs., Inc. v. Robins*, 769 F. Supp.2d 1285, 1313 (D.N.M. 2010)); *Trujillo*, 2007 WL 2296955 at

*3 (quoting *Dilmar Oil*, 986 F.Supp. at 980).  To prevail under Rule 16(b)(4), the moving party

"must provide an adequate explanation for the delay."  *Minter*, 451 F.3d at 1205 n.4.  If the

moving party was not diligent, then the Court should deny the request to extend the scheduling

deadline for lack of good cause and thus, deny the motion to amend.  *ACC Consultants, Inc.*,

2011 WL 5212262 at *4 (citing *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th

Cir. 1992)).

Should the moving party fulfill the Rule 16(b)(4) good cause requirement, the Court can,

nonetheless, deny the motion to amend if the moving party unduly delayed the filing of the

motion to amend.  *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).  Although

Rule 16(b)(4) is a more demanding standard than Rule 15(a)(2), the Tenth Circuit has found a

"'rough similarity' between the 'undue delay' standard of Rule 15 and the 'good cause' standard

of Rule 16."  *Bylin*, 568 F.3d at 1231.  In this circuit, "untimeliness alone is a sufficient reason to

deny leave to amend … especially when the party filing the motion has no adequate explanation

for the delay."  *Frank*, 3 F.3d at 1365-66 (citations omitted).  Undue delay or untimeliness is

evident when the moving party "'knows or should have known of the facts upon which the

proposed amendment is based but fails to include them in the original complaint….'"  *Id.* at 1366

(quoting *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir.

1990)).  When untimeliness is a basis for denial of leave to amend a complaint, a non-movant

need not show that he would be prejudiced by the filing of an amended complaint. *Las Vegas Ice & Cold Storage Co.*, 893 F.2d at 1185.

In this case, Plaintiff has failed to (1) demonstrate that he engaged in any "diligent efforts" to timely file the Motion to Amend, and (2) adequately explain why he could not meet the March 28, 2014, pleading amendment deadline. Moreover, Plaintiff could have discerned that he had a claim against Midwest at least as of February 25, 2014, when Master Halco filed the third-party complaint in which it raised the issue of Midwest's alleged negligence in loading the posts. Consequently, Plaintiff knew, or at the very least should have known, that he had a basis to bring claims against Midwest more than a month prior to the expiration of the amendment deadline. Instead, Plaintiff did not file the Motion to Amend until more than two months after the deadline past. The Court determines that Plaintiff has neither shown good cause to extend the Scheduling Order deadline for filing the Motion to Amend nor has he shown that he filed the Motion to Amend without undue delay. For these reasons, the Court denies the Motion to Amend.

IT IS ORDERED that Plaintiff's Motion for Leave to File First Amended Complaint and to Include Midwest Tube Mills, Inc. as a Defendant (Doc. 45) is denied.

_____
UNITED STATES DISTRICT JUDGE